IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00001-GPG

JOYCE A. CARSON, Pro Se, and
SAMUEL CARSON, JR., Non Sui Juris,

      Plaintiffs,

v.

COLORADO SPRINGS POLICE DEPARTMENT,
EL PASO COUNTY JAIL,
COLORADO MENTAL HEALTH INSTITUTE AT PUEBLO-PSYCH,
1ST PROPERTIES, INC., Citadel Apartments,
MC PROPERTY GROUP LLC, and
J.C. NAILS,

      Defendants.

## ORDER OF DISMISSAL

Plaintiffs initiated this action by filing a *pro se* Complaint (ECF No. 1). Although the Complaint listed both Samuel Carson, Jr., and Joyce A. Carson as Plaintiffs, the only claims in the Complaint were asserted by Joyce A. Carson on behalf of Samuel Carson, Jr., through a power of attorney. In an order filed on January 5, 2016, Magistrate Judge Gordon P. Gallagher advised Joyce A. Carson that she may not represent Samuel Carson, Jr., in this action because a *pro se* litigant may not represent another *pro se* litigant in federal court. *See* 28 U.S.C. § 1654. Magistrate Judge Gallagher also advised Joyce A. Carson that, if she intends to assert any claims on her own behalf in this action, she may pursue those claims *pro se.* Therefore, Magistrate Judge Gallagher directed Plaintiffs to file an amended complaint that is signed by both Plaintiffs personally

or by counsel.   On February 8, 2016, Plaintiffs filed an amended Complaint (ECF No. 5) asserting claims pursuant to 42 U.S.C. § 1983 that purportedly is signed by both Plaintiffs personally.

On February 11, 2016, Magistrate Judge Gallagher ordered Plaintiffs to file a second amended Complaint that clarifies the claims they are asserting.   Magistrate Judge Gallagher determined the amended Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because Plaintiffs failed to provide a short and plain statement of their claims showing they are entitled to relief. Magistrate Judge Gallagher specifically advised Plaintiffs regarding the factual allegations necessary to support a § 1983 claim and the standards for municipal liability. Magistrate Judge Gallagher warned Plaintiffs that, if they failed to file a second amended Complaint that complies with the pleading requirements of Rule 8 within thirty days, the action would be dismissed without further notice.   Despite this warning, Plaintiffs have not filed a second amended Complaint within the time allowed.

The Court must construe the amended Complaint liberally because Plaintiffs are not represented by an attorney.   See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be an advocate for a pro se litigant.   See Hall, 935 F.2d at 1110.   For the reasons discussed below, the action will be dismissed.

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.   See

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The Court agrees with Magistrate Judge Gallagher that the amended Complaint (ECF No. 5) does not provide a short and plain statement of the claims Plaintiffs are asserting against Defendants that demonstrate they are entitled to relief. Furthermore, despite the specific instructions provided by Magistrate Judge Gallagher, Plaintiffs have failed to file a second amended Complaint that clarifies their claims. As a result, Plaintiffs fail to provide Defendants fair notice of the specific claims being asserted against them and the specific factual allegations that support each asserted claim.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

The action will be dismissed because the amended Complaint does not comply with the pleading requirements of Rule 8. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If either Plaintiff files a notice of appeal he or she also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint (ECF No. 1), the amended Complaint (ECF No. 5), and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiffs failed to file a pleading that complies with the

pleading requirements of the Federal Rules of Civil Procedure.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   22nd   day of    March         , 2016.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court